## Davies v. Kentucky Horse Breeders' Association.

1. FINES AND PENALTIES—*Power to Inflict.*—The law will not permit the taking of one man's property by fine, or otherwise, by a mere statement that some other man has announced that a fine had been imposed.

2. SET-OFF—*An Affirmative Defense.*—The defense of set-off is an affirmative one, and a party seeking to establish it must do so by competent evidence.

Memorandum.—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

WILLIAM S. FORREST and M. ROSENTHAL, attorneys for appellant.

METZ & FISHER, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, J.

This was an action in assumpsit, and in place of special pleading, it was stipulated by the parties, "that the plaintiff may introduce evidence of any cause of action that he could introduce, if the same had been properly and legally set forth in special counts, and that the defendant may introduce evidence of any defense or set-off which he could introduce if the said defense had been properly and legally pleaded in special pleas, and that the plaintiff may introduce in rebuttal thereto any evidence which he could introduce if the proper and legal general replications had been actually pleaded." Upon this stipulation the case went to trial.

Appellant was the owner of a pacing stallion, called Roy Wilkes, and entered him for a race over a track belonging to the appellee.

In the race the stallion won both the first and third premiums, aggregating $650.

This suit was to recover the amount of those premiums, less $200 due appellee for entrance and driver's fees.

The defense was a set-off of an alleged fine of $1,000, imposed upon appellant for something that happened in the course of the race.

The trial court refused all instructions requested by the appellant, and directed the jury generally to find the issues for the appellee corporation, and upon this verdict judgment was entered against the appellant.

The imposition of the alleged fine was attempted to be shown by the introduction of what is called in the offer made of it, "the judge's book of the official record" of the race. Therein, under a printed heading as follows:

"REMARKS, ETC.

Enter below, at the time, a record of all appeals and protests, and of all fines and other penalties imposed by the judges. (See sections 2 and 8 of instructions.)"

There appears the following, in writing:

"At the conclusion of the second heat, the judges put

in Ed Geers, in place of George Robens, to drive Roy Wilkes. At the conclusion of the race, the presiding judge announced that the decision relative to penalties would be announced on the following day, and on the following morning it was announced that L. A. Davies, the owner of Roy Wilkes, was fined one thousand dollars, and George Robens, the driver, five hundred dollars, and ordered both be suspended until fines are paid. The judges awarded Ed Geers one hundred dollars for finishing the race and winning the race.

P. P. JOHNSTON,<br>
HAMILTON BUSBEY,<br>
Judges.

ED. TIPTON, Clerk."

Assuming that the judges had the power to impose a fine upon the appellant, and that such fine, if imposed, would be a proper set-off, the record is devoid of any competent and sufficient evidence that they exercised such power. The entry of what has been quoted from the " Judge's book," is a mere recital that on the morning following the race, somebody announced that appellant had been fined a thousand dollars, but it fails to state who imposed the fine, when it was imposed, or for what offense.

It would be an indulgence in pure conjecture to say who had fined the appellant, or what he had been fined for. The by-laws and rules of the National Trotting Association, which were received in evidence, taken in connection with the conduct of appellant, may or may not have warranted the imposition of a fine. It is not necessary for us to determine that question. So far as has been pointed out, or as we have been able to discover in the record, it does not appear that a fine was imposed by any authorized person or for the violation of any rule of the association.

The law will not permit the taking of one man's property by fine, or otherwise, by a mere statement that some other man has announced that it had been done.

It is stated in appellee's brief that it was admitted that under the authority of the rules of the National Trotting

Association the judges imposed the fine in question, but we find no such admission in the record.

It is true that the appellant in his testimony often speaks of the fine, and of having been fined, but there seems nowhere to be an admission of the fine as a lawful imposition upon him, and it is apparent that he only used the word fine as descriptive of the penalty claimed against him.

Counsel for appellant also objected to the book on the express ground that it was not a record of the fine, and was nothing but a memorandum that something had been done, and not of the thing itself, and at the conclusion of the evidence moved the court to exclude from the consideration of the jury all evidence in relation to the fine on the ground, among others, that the fine was not a lawful one.

The defense of set-off is an affirmative one, and a party seeking to establish it must do so by competent evidence.

Because the appellee failed to prove by competent evidence the imposition of the fine in question, the judgment of the court below will be reversed and the cause remanded.